## ARMSTRONG HERMANOS, demandante y apelada, *v.* JOHN M. TURNER, demandado y apelante.

No. 3000.—*Visto:* Diciembre 20, 1923.  *Resuelto:* Abril 21, 1925.

1. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO, VEREDICTOS Y CONCLUSIONES—APRECIACIÓN DE LA PRUEBA.—Cuando considerada en apelación la prueba, ésta demuestra claramente que la corte inferior no incurrió en error al apreciarla, y que si alguno hubo no es perjudicial ni tan manifiesto en un sentido que requiera la revocación de la sentencia apelada, ésta debe ser confirmada.

2. APELACIÓN Y ERROR — REVISIÓN — ERRORES NO PERJUDICIALES—EVIDENCIA NO CONSIDERADA QUE NO AFECTA EL RESULTADO DEL CASO.—No comete error el juez inferior que pasa por alto o no toma en consideración cierta prueba, cuando la misma no afecta el resultado del caso.

3. APELACIÓN Y ERROR—REVISIÓN—ALCANCE Y EXTENSIÓN EN GENERAL—CUESTIONES LEGALES QUE NO AFECTAN LA CUESTIÓN PRINCIPAL ENVUELTA EN EL CASO.—El Tribunal Supremo no considerará cuestiones legales que, además de no haber sido ampliamente desarrolladas y discutidas en el alegato, no afectan la cuestión principal envuelta en el caso.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), declarando con lugar la demanda, con costas.  *Confirmada.*

*Daniel F. Kelley,* abogado del apelante; *Jacinto Texidor,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandado establece apelación contra una sentencia que declara rescindido un contrato de compravente mercantil y le condena al pago de daños y perjuicios, y alega que la corte inferior cometió los siguientes errores:

"1. La corte de distrito erró al estimar probado que la venta de harina a Armstrong Hermanos fué hecha por John M. Turner por su propia cuenta y no como agente de la Blish Milling Company.

"2. La corte de distrito cometió error al considerar que la única evidencia que se presentó para probar que Armstrong Hermanos sabían que John M. Turner actuó como agente de la Blish Milling Company fué la declaración de Rafael Pujals Carlo.

"3. La corte de distrito erró al no estimar probado que en su carta de 8 de junio de 1920 John M. Turner hizo saber a Armstrong Hermanos que en la venta actuó como agente de la Blish Milling Company.

"4. La corte de distrito cometió error al no estimar establecido por la prueba en conjunto que John M. Turner actuó como agente de la Blish Milling Company.

"5. La corte de distrito cometió error al no considerar probado que Aurelio Christian actuó como factor, agente, empleado o representante de Armstrong Hermanos con autoridad bastante para efectuar la compra.

"6. La corte de distrito erró al no estimar probado que Aurelio Christian era un perito que por razón de su oficio conocía fácilmente los defectos aparentes y ocultos de la harina de trigo.

"7. La corte de distrito cometió error al no declarar que por la evidencia en conjunto quedó demostrado que Aurelio Christian había tenido una oportunidad para examinar bien la harina y que la examinó.

"8. La corte de distrito erró al no estimar probado que la compra hecha por Aurelio Christian en representación de Armstrong Hermanos fué una compra hecha a la vista.

"9. La corte de distrito erró al no considerar probado que la harina enviada a Armstrong era la misma que examinó Aurelio Christian en representación del comprador.

"10. La corte de distrito cometió error al estimar probado que John M. Turner vendió a Armstrong Hermanos la harina como harina superior.

"11. La corte de distrito erró al considerar probado que John M. Turner vendió los sacos de harina como conteniendo 200 libras netas, y que éstos estaban faltos de peso.

"12. La corte de distrito cometió error al estimar probado que la harina vendida contenía grandes grumos, muchos gusanos y gorgojos.

"13. La corte de distrito erró al declarar que la carta de junio 8 de 1920 de John M. Turner a Armstrong Hermanos decía que la harina había salido de sus almacenes en buen estado, porque Turner se refería a la condición de los sacos y no de la harina.

"14. La corte de distrito erró al permitir a los testigos Matías Enseñat, Pedro Juan Bonnin y Rafael Collazo Torres declarar como peritos.

"15. La corte de distrito cometió error al incluir en su sentencia como daños y perjuicios la supuesta cantidad que Armstrong Hermanos alegaron que dejaron de ganar en la venta de la harina.

"16. La corte de distrito cometió error al no declarar que la ley y los hechos estaban a favor del demandado y al no dictar sentencia a su favor."

[1] Lo que la corte declaró probado fué que el demandado Turner no hizo saber claramente a Armstrong Herma-

nos que él actuaba en representación de la compañía del molino, y los autos no revelan un error tan manifiesto en este sentido que requiera la revocación de la sentencia apelada.

[2] El segundo señalamiento de error es técnicamente correcto pero considerada en conjunto la opinión emitida por el juez sentenciador, establece claramente que la prueba, pasada por alto o no tomada en consideración por él, no hubiera afectado al resultado del caso, aun cuando se le hubiera llamado la atención hacia el hecho de no mencionarse o discutirse la misma.

[1] La corte inferior cita correctamente la carta de junio 8 y llama la atención de que ni siquiera en esa comunicación dice Turner precisamente que actuaba como comisionista. Esa circunstancia se menciona en relación con el hecho de que la anterior cuenta suministrada a Armstrong Hermanos por los empleados de Turner, y el conocimiento, nada contenían que indicase la representación. Toda vez que la carta fué escrita en contestación a un telegrama y carta de Armstrong Hermanos negándose a aceptar la harina, y solicitando la devolución del precio de venta, el error si alguno hubo, no era perjudicial. Cualquier información allí contenida por inferencia o de otro modo en cuanto a la relación de principal y agente, llegaba muy tarde, y la conclusión afirmativa en favor del demandado sobre este punto no hubiera mejorado su caso.

Por iguales o semejantes razones el cuarto señalamiento no requiere detenida consideración.

[1] El quinto, sexto, séptimo, noveno y décimo señalamientos dependen del octavo, y después de una cuidadosa consideración de toda la prueba no podemos decir que el juez sentenciador claramente incurrió en error al apreciar la evidencia en relación con la prueba documental.

Una prolongada discusión de toda la prueba, la cual en conjunto deja mucho que desear, no tendría fin práctico alguno. Tal vez hubiera sido más fácil confirmar la senten-

cia a favor del demandado; y es difícil evitar la sospecha de que si el demandado hubiera vivido hasta la fecha del juicio el resultado en la corte inferior podría haber sido distinto.

Pero sea esto como fuere, la falta de peso parece ser caso tan indiscutible como insignificante cuando fué comparada con la cantidad realmente entregada; y no existe base adecuada en los autos que sostenga la alegación de que la rebaja en el precio tuvo por objeto cubrir algún déficit en el peso, así como cualquier deterioro en la calidad.

Por tanto, se hace inevitable la confirmación de la sentencia apelada, prescindiendo del mérito que puedan tener los señalamientos restantes, con la posible excepción del décimoquinto señalamiento.

[3] La teoría del señalamiento a que acabamos de referirnos no rechaza aparentemente la pérdida de futuras ganancias como medida adecuada de daños y perjuicios en caso de indemnización, pero niega el derecho a recobrar daños por defectos ocultos inherentes al artículo vendido y desconocidos del vendedor. El razonamiento, si lo entendemos, parece aceptar por inferencia o deducción, o al menos no niega en sus términos, que el demandado sería responsable por los daños provenientes de la rescisión del contrato por falta de peso, si la alegación del apelante de que tal supuesto déficit estaba cubierto por la rebaja en el precio fuera sostenible.

De todos modos, el razonamiento del apelante en manera alguna es cabal sobre este punto, y no disponemos de tiempo alguno para hacer un examen independiente de cuestiones que no han sido ampliamente desarrolladas y discutidas en el alegato. Mencionamos esto no con un espíritu de crítica sino simplemente para circunscribir el alcance de nuestra decisión aquí como precedente, y para evitar un posible mal entendimiento en este sentido. La cuantía de los daños resultantes de la pérdida de futuras ganancias en el presente caso claramente que no es tan grande que compense

a un abogado por una gran pérdida de tiempo y trabajo en el estudio y preparación de cuestiones legales más o menos dudosas y complicadas que no afectan a la cuestión principal.

*Debe confirmarse la sentencia apelada.*